IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARSHA R. HINTON, Individually and
THOMAS F. HINTON, Individually and
MARSHA R. HINTON and THOMAS F. HINTON
as the Wrongful Death Beneficiaries of
TIMOTHY R. HINTON, Deceased                                    PLAINTIFFS**

**V.                                         CIVIL ACTION NO. 2:14cv15-KS-MTP**

**C & S GLOBAL IMPORTS, INC., d/b/a
HUNTER'S VIEW, LTD. and
HUNTER'S VIEW, LTD. and
THE SPORTSMAN'S GUIDE, Inc. and
TREESTAND MANUFACTURERS ASSOCIATION and
JOHN DOES, Inc. and
JOHN DOES, Individually                                        DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion to Remand [8]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that this action should be remanded to the Circuit Court of the Second Judicial District of Jones County, Mississippi.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

This is a wrongful death action brought by the parents of the deceased, Timothy Hinton. On October 6, 2012, Timothy Hinton fell from a tree stand while hunting on his property in Jasper County, Mississippi. Timothy Hinton was subsequently transported to Forrest General Hospital, where he remained hospitalized until he died as a result of his injuries on November 18, 2012. Timothy Hinton was thirty (30) years old at the time of his death.

On October 4, 2013, Marsha Hinton and Thomas Hinton, individually and as the wrongful death beneficiaries of Timothy Hinton, filed this action in the Circuit Court of the Second Judicial District of Jones County, Mississippi.  (*See* Compl. [1-2 at ECF p. 5].)  The Complaint alleges that Defendants C & S Global Imports, Inc. d/b/a Hunter's View, Ltd. ("Global Imports") and Hunter's View, Ltd. manufactured the tree stand from which Timothy Hinton fell; that Defendant The Sportsman's Guide, Inc. ("Sportsman's Guide") sold the tree stand to Timothy Hinton; and, that Defendant Treestand Manufacturers Association ("TMA") certified the tree stand as safe for an individual weighing less than 350 pounds.  The following causes of action are asserted against each of the Defendants:  negligence, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and products liability.  It appears that TMA was served with process on October 28, 2013, while Sportsman's Guide was served on December 20, 2013, and Global Imports was served on December 31, 2013.  It does not appear that Hunter's View, Ltd. has been separately served with process.

On November 26, 2013, TMA filed its Motion to Dismiss, or in the Alternative, to Change Venue ("Motion to Dismiss") in the state court.  (*See* Motion to Dismiss [1-2 at ECF p. 36].)  This motion presents three related grounds for dismissal:  (i) the Complaint fails to articulate any legally enforceable duty between TMA and the Plaintiffs or their decedent; (ii) TMA cannot be held liable under Mississippi's products liability statute since it is neither a manufacturer nor a seller of products; and (iii) TMA is immune from liability because it is a trade association and no legally enforceable duty arises from the relationship between a trade association and an end-user of a product.

TMA alternatively sought a transfer of venue to Forrest County, Mississippi (where Timothy Hinton died and the situs of TMA's principal place of business), or Jasper County, Mississippi (where Timothy Hinton fell from his tree stand).

On February 5, 2014, prior to any ruling on TMA's Motion to Dismiss, Sportsman's Guide removed the proceeding to this Court. (*See* Notice of Removal [1].) Subject matter jurisdiction is asserted on the basis of diversity of citizenship under Title 28 U.S.C. § 1332. The Notice of Removal provides that the Plaintiffs and Defendants, except TMA, are of diverse citizenship. Sportsman's Guide contends the Mississippi citizenship of TMA should be disregarded since TMA "has been improperly joined as a Defendant solely to defeat this Court's diversity jurisdiction." (Notice of Removal [1] at ¶ 5.) The Notice of Removal also posits that the amount in controversy exceeds $75,000.00, given Plaintiffs' request for punitive damages and compensatory damages arising from and relating to Timothy Hinton's death. Sportsman's Guide argues the Notice of Removal was timely filed within thirty (30) days of its receipt of TMA's Motion to Dismiss on January 24, 2014.

On February 21, 2014, Plaintiffs filed their Motion to Remand [8]. Plaintiffs argue that the removal was defective due to untimeliness. Plaintiffs further contend that diversity jurisdiction is lacking since they have stated a viable cause of action against TMA, a nondiverse defendant. Plaintiffs request their costs and expenses, including attorney's fees, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). The Motion to Remand [8] has been fully briefed and the Court is ready to rule.

## II.  DISCUSSION

**A.     Legal Standards**

"In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of establishing that federal jurisdiction exists." *Id.* (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). A motion to remand alleging a procedural defect in removal must be brought within thirty (30) days of the filing of the notice of removal, but "the case shall be remanded" at any time before final judgment if it appears that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Since federal courts are of limited jurisdiction and removal raises significant federalism concerns, the "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citations omitted). Courts are to consider "jurisdictional facts as they existed at the time of removal" in ruling on a motion to remand. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

Title 28 U.S.C. § 1446 sets forth the procedures for removal of a civil action, including provisions concerning the timing of removal. Generally, the notice of removal must be filed within thirty (30) days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). An exception exists under the following circumstance:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

In *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993), the United States Court of Appeals for the Fifth Circuit found the above-quoted provision, then located at

-4-

the second paragraph of § 1446(b), applicable to a removal based on improper joinder. Ashland Oil argued that the first time it could have discovered the nondiverse defendants were improperly joined was when it received one of the defendant's answers, which was filed on March 23, 1990. *Jernigan*, 989 F.2d at 814. The plaintiffs never contradicted this assertion. *See id.* at 814-15. The Fifth Circuit held that the time for removal ran from March 23, 1990 (the date Ashland Oil discovered the case was removable), as opposed to February 2, 1990 (the date Ashland Oil was served with process). *See id.* at 813, 815. In *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 390 n.13 (5th Cir. 2000), the Fifth Circuit distinguished *Jernigan* and held "that fraudulent joinder removals are not *per se* within the second paragraph of § 1446(b)." Thus, the defendants could properly invoke the general timing rule for removal, thirty days from the date of service, even though the removal was based on fraudulent joinder. *See id.* at 390. A recent decision from the United States District Court for the Southern District of Texas examined *Jernigan* and *Badon*, as well as several district court opinions, and determined that "a defendant in an improper-joinder case must remove within 30 days from the point when he objectively could have discovered that the case was removable." *Reynero v. Tex. Roadhouse, Inc.*, No. 5:14cv4, 2014 WL 1569413, at *4-5 (S.D. Tex. Apr. 9, 2014).

B. Analysis

The Court finds that this action was not timely removed under § 1446.[1]

---

[1] Given this ruling, the Court does not reach the parties' arguments regarding whether TMA has been fraudulently or improperly joined, i.e., whether the Plaintiffs have a reasonable basis of recovery from TMA under state law. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Court also declines to address

Sportsman's Guide was served with the Complaint on December 20, 2013.  (*See* Notice of Removal [1] at ¶ 2.)  Sportsman's Guide removed the proceeding to this Court forty-seven (47) days later on February 5, 2014.  Therefore, the Notice of Removal [1] was not "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."  28 U.S.C. § 1446(b)(1).

The extended period for removal specified under § 1446(b)(3) also fails to preclude a finding of untimeliness.  Unlike the plaintiffs in *Jernigan*, the Plaintiffs in this action have contested Sportsman's Guide's contention that the alleged improper joinder of TMA could not have been discovered prior to its receipt of a post-complaint filing from TMA.  Plaintiffs submit that Sportsman's Guide knew of the nature and functions of TMA prior to the initiation of this action because Sportsman's Guide has been a member of TMA since October of 2012.  Plaintiffs thus argue that there was no information supplied in TMA's Motion to Dismiss that "Sportsman's Guide didn't already know or should have known concerning the status of the TMA and its claims to be a 'trade organization.'" (Pls.' Mem. of Law in Supp. of Mot. to Remand [9] at p. 8.)  Sportsman's Guide argues that its "mere membership in TMA did not provide it with all the facts of how TMA was organized."  (Sportsman's Guide's Mem. in Supp. of Resp. in Opp. to Mot. to Remand [16] at p. 3.)  Sportsman's Guide also deems it important that it had no knowledge of TMA's legal position concerning Plaintiffs' claims until its counsel received TMA's

---

the Plaintiffs' allegations of procedural defects in removal—Sportsman's Guide's failure to file the Notice of Removal in the state court and the absence of Global Imports' consent to removal—raised for the first time in the Plaintiffs' rebuttal memorandum.  *See Cavallini*, 44 F.3d at 260 n.9 ("[W]e do not consider issues raised for the first time in a reply brief.") (citation omitted).

Motion to Dismiss on January 24, 2014.

In strictly construing the removal statute and resolving all doubts in favor of remand,[2] the Court finds that Sportsman's Guide possessed sufficient information from which it "'could . . . discover that'" the case was removable upon its receipt of the Plaintiffs' Complaint on December 20, 2013. *Badon*, 224 F.3d at 390 n.13 (quoting *Jernigan*, 989 F.2d at 815). By that time, Sportsman's Guide had been a TMA member for more than one (1) year. It is thus reasonable to presume that Sportsman's Guide independently knew enough general facts about TMA to assert arguments in support of improper-joinder removal substantially similar to, or the same as, those arguments urged by TMA in support of dismissal. As a TMA member, Sportsman's Guide did not need to know "all the facts of how TMA was organized"[3] in order to make the basic argument that TMA is a trade organization owing no duty to the Plaintiffs. In addition, TMA's request for dismissal partially relies on the alleged inadequacy of the Plaintiffs' Complaint,[4] which requires no special knowledge of TMA's inner workings. Sportsman's Guide's knowledge of TMA's status as a trade organization, in conjunction with the allegations of the Complaint, also could have enabled it to argue that TMA is not subject

---

[2] *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

[3] (Sportsman's Guide's Mem. in Supp. of Resp. in Opp. to Mot. to Remand [16] at p. 3.)

[4] "Plaintiffs' Complaint fails to allege the existence of a relationship between the TMA and either the decedent or the Plaintiffs. Absent such a relationship, no duty arises. Plaintiffs' Complaint is wholly devoid of any allegations of duty or other legal theory. The Complaint does not allege any basis to find that the TMA, a non-profit trade association, owed a duty to (or indeed had any relationship with) either the Plaintiffs or their decedent." (TMA's Mot. to Dismiss [1-2 at ECF p. 39].)

to liability under Mississippi's products liability statute on the basis that TMA neither manufactured, distributed, nor sold the subject tree stand.  On the whole, Sportsman's Guide's independent understanding of the central factual basis underlying TMA's dismissal request—its status as a trade organization—supports the time for removal in this action running from the service of the Complaint.[5]  The undisputed pre-suit relationship between TMA and Sportsman's Guide also distinguishes this case from *Jernigan*, where the removing defendant did not know of a contractual relationship between certain nondiverse defendants supporting the existence of federal jurisdiction until it received one of the defendant's answers.  989 F.2d at 814-15.

      Sportsman's Guide's argument that the time for removal did not begin to run until its legal counsel learned of TMA's legal defenses is not convincing.  This argument ignores the fact that TMA's Motion to Dismiss had been filed in the state court on

---

[5] *See, e.g.*, *Bouvette v. Am. Water Works Serv. Co.*, No. 2:13cv14908, 2013 WL 4805750, at *2, 4 (S.D. W. Va. Sept. 9, 2013) (holding that the time for removal ran from the date of service where the case was removed on the basis that the in-state defendants had no employment relationship with the plaintiff, and "defendants had actual knowledge of their own corporate structure and employees from the date this action was filed"); *Harrell v. Yokohama Tire Corp.*, No. 3:08cv565, 2011 WL 1812785, at *5 (S.D. Miss. May 4, 2011) ("If Yokohama knew from first service that the non-diverse defendants were potentially legally immune from suit, and only required confirmation of this theory, Yokohama's late investigation of this issue should not open a new window for removal."); *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1158 (N.D. Cal. 2003) ("Because defendants could have ascertained that the School District was fraudulently joined from the complaint itself, they should have filed the notice of removal within thirty days of receiving the complaint."); *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 677 (E.D. Tex. 1999) (remanding due to untimeliness where the defendants could ascertain that the case was removable without any information supplied by the plaintiffs other than the state court complaint); *cf. Hines v. AC & S, Inc.*, 128 F. Supp. 2d 1003, 1009 (N.D. Tex. 2001) (refusing to suspend the removal period since the facts supporting the existence of federal enclave jurisdiction were always clear even if the rarity of such jurisdiction may have obscured the facts' legal significance).

November 26, 2013, and was a matter of public record by the time Sportsman's Guide was served on December 20, 2013.  As a general rule, litigants are charged with knowledge of documents in an open court file.[6]  The Court sees no reason why matters of removal and remand should be immune to this principle.  *Cf. KLN Steel Prods. Co. v. CNA Ins. Cos.*, No. SA-06-CA-0709-XR, 2006 WL 3228534, at *5-6 (W.D. Tex. Nov. 6, 2006) (finding that the removing defendant was charged with constructive notice of a co-defendant's joinder for purposes of obtaining the co-defendant's consent to removal since the state court docket reflected service of process on the co-defendant).  Furthermore, the Court finds nothing in the language of 28 U.S.C. § 1446 indicating that the time for removal should be stayed until a defendant employs legal counsel and the attorney becomes subjectively aware of a co-defendant's grounds for dismissal.  *Cf. Reynero*, 2014 WL 1569413, at *5 ("The statutory language suggests an objective inquiry about when the facts giving rise to removal become available, not a subjective inquiry about when a defendant actually discovers those facts.").  As a result, the Court determines that Sportsman's Guide's thirty (30) days to remove this action began to run upon its receipt of the Complaint, and not when its legal counsel subsequently obtained a copy of TMA's Motion to Dismiss.

Even though the thirty-day time limit for removal "is not jurisdictional, it is

---

[6] *See, e.g., Moore v. CITGO Refining and Chems. Co.*, 735 F.3d 309, 318 (5th Cir. 2013); *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000); *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 314 (1st Cir. 1998); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993); *Douglas v. Dretke*, No. Civ.A.H-05-0851, 2005 WL 2792384, at *3 (S.D. Tex. Oct. 26, 2005); *United States v. Norman Lumber Co.*, 127 F. Supp. 518, 519 (M.D.N.C. 1955), *aff'd*, 223 F.2d 868 (4th Cir. 1955); *In re Harvey*, 143 B.R. 1, 3 (Bankr. D.D.C. 1992).

mandatory and therefore strictly construed." *Alfonso v. Military Dep't*, No. 07-3778, 2007 WL 4114438, at *6 (E.D. La. Nov. 15, 2007) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)). Sportsman's Guide's failure to meet the removal deadline requires the remand of this action. Following remand, the state court can resolve the parties' arguments concerning the viability of the Plaintiffs' claims against TMA.

Finally, Plaintiffs' request for costs and attorney's fees under 28 U.S.C. § 1447(c) will be denied. The statute provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The grant of a motion to remand does not automatically justify an award under § 1447(c) in the moving party's favor. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Instead, "the reasonableness of the removal" determines whether fees should be awarded. *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

The Court's ruling on the Plaintiffs' remand request does not reach Sportsman's Guide's basis for removal, Plaintiffs' alleged improper joinder of TMA. Moreover, district courts considering delays in removal longer than the one at issue here have declined to award attorney's fees under § 1447(c). *M.A.O. ex rel. Osborne v. Stone County Hosp., Inc.*, No. 1:09cv194, 2009 WL 3451120, at *3, 4 (S.D. Miss. Oct. 19, 2009) (eighty-four days passed between the commencement of the removal period and the filing of the notice of removal); *Snipes v. CSX Transp.*, No. 1:08cv1512, 2009 WL 2872798, at *2, 3

(S.D. Miss. Aug. 31, 2009) (approximately nine months); *Smith v. Phillips 66 Co.*, No. 1:08cv839, 2008 WL 4724005, at *1, 3 (S.D. Miss. Oct. 24, 2008) (approximately two months).  A monetary award in favor of the Plaintiffs is unwarranted based on the record before this Court.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand [8] is granted in part and denied in part.  The motion is granted to the extent it seeks the remand of this action to the Circuit Court of the Second Judicial District of Jones County, Mississippi.  The motion is denied to the extent Plaintiffs seek monetary relief under 28 U.S.C. § 1447(c).  Any other pending motion is denied as moot.  A separate order remanding this cause to the state court shall follow.

SO ORDERED AND ADJUDGED this the 9th day of June, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE